**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF DELAWARE**

|   |   |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     *Plaintiff*,<br><br>  v.<br><br>SABRE CORPORATION,<br>SABRE GLBL INC.,<br>FARELOGIX INC., and<br>SANDLER CAPITAL PARTNERS V, L.P.,<br><br>    *Defendants*. | Civil Action No. 1:19-CV-01548-LPS |

**STIPULATED PROTECTIVE ORDER**

In the interests of (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), ORDERS as follows:

**A.**  **Definitions**

1. As used herein:

  (a) "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

  (b) "Competitive Decisionmaking" means making or influencing important decisions regarding a firm's business operations, including development or implementation of

1

competitive strategies, business plans, and third-party negotiations, but does not include the rendering of legal advice as to litigation issues related to such decisions.

(c) "Confidential Information" means any In-House Confidential Information that the person claiming confidentiality reasonably and in good faith believes would place that person at risk of suffering a significant competitive or commercial disadvantage if it were disseminated to someone involved in Competitive Decisionmaking at a competitor or a firm with which the person claiming confidentiality transacts business.  By way of example, and not limitation, Confidential Information includes: the negotiations, terms, and course of performance of legal agreements; pricing information; financial information, including sales and profits; the content of and strategy related to current and past business dealings; customer lists and information; intellectual property; proprietary product information, data, and software or systems; strategic planning information; and board materials and presentations.  Confidential Information also includes any information related to an active Government investigation other than the Investigation into the transaction at issue in this action, or where the disclosure of information or material would compromise law enforcement objectives.

(d) "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(e) "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(f) "In-House Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed.

R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

(g) "In-House Counsel" means the following person as listed herein:

(i) Jane Ann Neiswender for Defendants Sabre Corporation and Sabre GLBL Inc.

Defendants represent that the above-named counsel does not have a non-legal business role, is not engaged in Competitive Decisionmaking, and primarily focuses on litigation management. Before receiving access to In-House Confidential Information, the above-named counsel must (i) file an affidavit or declaration certifying that she does not participate in Competitive Decisionmaking for her employer and agreeing that she will not participate in negotiations of commercial agreements between her employer and any Protected Person during the pendency of this Action (including appeals) and for six months thereafter, and (ii) have signed the Agreement Concerning Confidentiality in Appendix A of this Order.  In the event that the identified in-house counsel acquires a non-legal business role, she shall no longer have access to any In-House Confidential Information.

(h) "Including" means including, but not limited to.

(i)  "Investigation" means the pre-complaint inquiry into the transaction at issue in this Action by the U.S. Department of Justice.

(j)  "Investigation Materials" means non-privileged documents, testimony or other materials that (i) any non-Party provided to any Party, either voluntarily or under compulsory process, relating to the Investigation; (ii) constitute any communication between any Party and any non-Party relating to the Investigation; (iii) any Party provided to any other

Party relating to the Investigation; or (iv) are otherwise exchanged between the Parties as "Investigation Materials" pursuant to the Court's Scheduling Order (as that term is defined therein).

(k)  "Litigation Materials" means non-privileged documents, testimony, or other materials that (i) any non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of this Action; (ii) constitute any communication between any Party and any non-Party in connection with and during the pendency of this Action; (iii) any Party provides to any other Party in connection with and during the pendency of this Action.

(l)  "Outside Counsel of Record" means the firm(s) of attorneys representing a Defendant in this Action.

(m)  "Party" means the United States or any Defendant in this Action.  "Parties" means collectively Plaintiff and Defendants in this Action.

(n)  "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, trust, or business entity.

(o)  "Protected Person" means any Person (including a Party) that has provided Investigation Materials or that provides Litigation Materials.

**B.**      **<u>Designation of Confidential or In-House Confidential Information</u>**

2.  Within three business days of the Court's entry of and the docketing on CM/ECF of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

3. If a non-Party Protected Person determines that this Order does not adequately protect its Confidential or In-House Confidential Information, it may, within eight business days after receipt of a copy of this Order, and after meeting and conferring with the Parties, seek additional protection from the Court for its Confidential or In-House Confidential Information. If a non-Party Protected Person files such a motion, the Investigation or Litigation Materials for which additional protection has been sought will not be provided to any other Person until the Protected Party and the Parties have agreed or the Court has ruled on the Protected Person's motion.

4. A Protected Person may designate as "Confidential" or "In-House Confidential Information" any Investigation Materials, Litigation Materials, or other documents, information, or transcripts of testimony to the extent such information constitutes Confidential or In-House Confidential Information as defined in paragraph 1(c) or 1(f). Such designations constitute a representation to the Court that such Protected Person (and counsel, if any) believes, in good faith, that the information so designated constitutes Confidential or In-House Confidential Information.

5. DESIGNATION OF INVESTIGATION MATERIALS. Investigation Materials submitted by a Protected Person, and any other materials that are entitled to confidentiality under the Antitrust Civil Process Act, 15 U.S.C. § 1313(c)(3), the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a(h), and any information taken from any portion of such material will be treated in the first instance as Confidential under this Order. The confidentiality of such materials may later be challenged under the provisions of section C below.

6.  DESIGNATION OF LITIGATION MATERIALS.  The following procedures govern the process for Protected Persons to designate as "Confidential" or "In-House Confidential" any information that they disclose in this Action after this Order is entered, including but not limited to information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36 and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

(a)  <u>Testimony</u>.  All transcripts of depositions taken in this Action after entry of this Order will be treated as Confidential in their entirety for 21 days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable).  Within five business days of receipt of the final transcript, the Party who noticed the deposition shall provide the final transcript to the deponent (or the deponent's counsel, if applicable).  Within 21 days following receipt of the final transcript, the deponent may designate as "Confidential" or "In-House Confidential" any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer.  To be effective, such designations must be provided in writing to Plaintiff's and Defendants' counsel listed in subparagraph 6(f).  Any portion of the transcript or exhibits not so designated pursuant to this subparagraph 6(a) shall not be treated as Confidential or In-House Confidential Information, despite any prior designation of "Confidential" or "In-House Confidential."

When a Party is entitled under this Order to question a deponent about a document or information that has been designated by a different Protected Person as "Confidential" or "In-House Confidential", the Party that asked such questions shall designate as confidential the portion of the transcript relating to such confidential document or information.

(b) <u>Documents</u>.  A Protected Person who designates as "Confidential" or "In-House Confidential" any document that it produced in this Action must stamp or otherwise mark each page containing such information with the designation "Confidential"  or "In-House Confidential" in a manner that will not interfere with legibility or audibility.  If the entire document is not Confidential or In-House Confidential Information, the Protected Person shall stamp or label only those pages that contain Confidential or In-House Confidential Information.

(c) <u>Electronic Documents and Data</u>.  Where a Protected Person produces electronic files and documents in native electronic format, such electronic files and documents shall be designated by the Protected Person for protection under this Order by appending to the file names or designators' information indicating whether the file contains Confidential or In-House Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files.  Where Confidential or In-House Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential or In-House Confidential Information, the "Confidential" or "In-House Confidential" designation may be placed on the disk or other medium.  If the electronic format contains both Confidential and In-House Confidential Information, then the Protected Person shall designate the specific files and documents as appropriate and clearly indicate that the electronic format contains both Confidential and In-House Confidential material.  When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision in printed form to any person described in subparagraph 11(g), the Party printing the electronic files or documents shall affix a legend to the first page of

the printed document and include the production number and designation associated with the native file.

(d)  Each Defendant represents that any materials that the Defendant previously provided to the U.S. Department of Justice during the Investigation that the Defendant designated as Confidential Information, including but not limited to testimony, documents, and electronic documents and data, constitutes Confidential Information, as defined in subparagraph 1(c) of this Order, and the Defendant hereby designates it as such.

(e)  Whenever discovery is sought from a non-Party in this Action, a copy of this Order shall accompany the discovery request or subpoena.  Non-Parties may designate materials as "Confidential" or "In-House Confidential" pursuant to the procedures in this paragraph.

(f)  Individuals for Plaintiff and Defendants to be notified are as follows:

For Plaintiff United States:

Vittorio E. Cottafavi
Jonathan Silberman
Diamond Trinh
U.S. Department of Justice
450 Fifth Street NW, Suite 8602
Washington, DC 20530
vittorio.cottafavi@usdoj.gov
jonathan.silberman@usdoj.gov
diamond.trinh@usdoj.gov

For Defendants Sabre Corp. and Sabre GLBL, Inc.,:

Steven C. Sunshine
Tara L. Reinhart
Joseph O. Larkin
Skadden Arps Meagher Slate & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005
Steve.Sunshine@skadden.com
Tara.Reinhart@skadden.com

Joseph.Larkin@skadden.com

For Defendants Farelogix Inc. and Sandler Capital Partners V, L.P.,:

> Kenneth A. Gallo
> Joseph J. Bial
> Daniel J. Howley
> Paul, Weiss, Rifkind, Wharton & Garrison LLP
> 2001 K Street, NW
> Washington, DC 20006-1047
> kgallo@paulweiss.com
> jbial@paulweiss.com
> dhowley@paulweiss.com

7.  Any production of documents or testimony not designated as "Confidential" or "In-House Confidential" will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as "Confidential" or "In-House Confidential."  If at any time prior to the trial of this Action, a Protected Person realizes that it should have designated as "Confidential" or "In-House Confidential" any Litigation Materials that Person previously produced during discovery in this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing.  The Parties shall thereafter treat the Litigation Materials pursuant to the Protected Person's new designation under the terms of this Order.  No prior disclosure of newly designated "Confidential" or "In-House Confidential Information" shall violate this Order.

8.  In the event of a disclosure of any Confidential or In-House Confidential Information to any person(s) not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure shall promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information concerning the nature and circumstances of the disclosure.  The disclosing Party

shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential or In-House Confidential Information.

9. This Order shall not preclude or prejudice any Person from objecting to the production of documents or other materials under the rules that otherwise apply to discovery of information.

**C.    Challenges to Confidentiality Designation**

10.  Any Party who objects to any designation of confidentiality may at any time before the trial of this Action provide a written notice to the Protected Person who made such designation and all Parties stating with particularity the grounds for the objection.  All materials objected to shall continue to be treated as Confidential or In-House Confidential Information pending resolution of the dispute.  If the objecting Party and the Protected Person cannot reach agreement on the objection, the Protected Person may address the dispute to this Court by filing a motion in accordance with District of Delaware Local Rule 7.1.2 within five business days of the Party's written notice.  The Protected Person bears the burden of persuading the Court that the material is Confidential or In-House Confidential Information within the definitions set forth in paragraphs 1(c) or 1(e).  The designated information shall be treated in accordance with its "Confidential" or "In-House Confidential Information" designation under this Order until the Court rules on the designating Protected Person's timely filed motion.  If the Protected Person fails to timely move the Court in accordance with this paragraph, or if the Court finds the

designation of "Confidential" or "In-House Confidential Information" to have been inappropriate, the challenged designation shall be considered rescinded.  If a "Confidential" designation is rescinded, then the information shall be treated as In-House Confidential unless the Court orders otherwise.  If an In-House Confidential designation is rescinded, then the Parties shall not be required to treat the information as In-House Confidential Information under this Order.  This Order shall not preclude or prejudice either the Protected Person or the objecting Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

**D.**     **Disclosure of Confidential or In-House Confidential Information**

     11.  Confidential Information may be disclosed only to the following persons:

        (a)  the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

        (b)  counsel for the Plaintiff and its attorneys, paralegals and other professional personnel (including support and IT staff), and agents or independent contractors retained by the Plaintiff to assist in this Action whose functions require access to the information;

        (c)  Outside Counsel of Record for Defendants, including any attorneys, paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to this Action whose functions require access to the information;

        (d)  outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, and document-management consultants) retained by a Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(e)  any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints;

(f)  persons who are authors, addressees, and recipients of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; or, in a deposition, persons for whom counsel for Plaintiff or Defendants believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document;

(g)  any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

(h)  outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

12.  In-House Confidential Information may be disclosed to the persons identified in Paragraph 11(a)-(h) and the in-house counsel identified in Paragraph 1(g), along with any paralegals and other professional personnel (including support and IT staff) assisting in-house counsel in this Action that require access to the information provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

13.   Counsel for the Party making the disclosure must retain the original of the Agreement Concerning Confidentiality in the form of Appendix A attached hereto for a period of at least one year following the final resolution of this Action.

14.   Each individual described in paragraphs 11 and 12 of this Order to whom information designated as "Confidential" or "In-House Confidential" is disclosed must not disclose such information to any other individual, except as provided in this Order.

15.   Nothing in this Order prevents Plaintiff, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing such information designated as "Confidential" or "In-House Confidential" (i) in the course of any other legal proceeding in which the U.S. Department of Justice is a party; (ii) for the purpose of securing compliance with a Final Judgment in this Action; or (iii) for law enforcement purposes.

16.   Nothing in this Order:

(a)   limits a Protected Person's use or disclosure of its own information designated as "Confidential" or "In-House Confidential Information;"

(b)   prevents disclosure of Confidential or In-House Confidential Information with the consent of the Protected Person who designated the material;

(c)   prevents disclosure by a Party of Confidential or In-House Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in discovery in this Action; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of court or as may be required by law; or

(d)  prevents Plaintiff's retention or use or disclosure of Investigation or Litigation Materials outside the context of this Action to the extent permitted by applicable law or regulation governing such pre-complaint discovery including the Hart-Scott-Rodino Act, 15 U.S.C. § 18a, and the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or for law enforcement purposes, or as required by law, court order or regulation.

## E.   Use of Designated "Confidential" or "In-House Confidential Information" in This Action

17.  If any documents, testimony, or other materials designated under this Order as "Confidential" or "In-House Confidential Information" are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file must file such Confidential or In-House Confidential Information under seal, in accordance with District of Delaware Local Rule 5.1.3.  This Order hereby grants the Parties leave to file such properly designated Confidential or In-House Confidential Information under seal.  For any document filed under seal pursuant to this Order, the filing Party shall within 14 days file with the Court a public version of the document with the Confidential or In-House Confidential Information redacted.  Nothing in this Order shall restrict the Parties or any interested member of the public from challenging the filing of any Confidential or In-House Confidential Information under seal.

18.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential or In-House Confidential Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential or In-House Confidential Information. The

14

Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

19.  All Confidential or In-House Confidential Information produced by a Party or a non-Party as part of this proceeding shall be used solely for the conduct of this Action and shall not be used for any business, commercial, competitive, personal, or other purpose, except as described in paragraphs 15 and 16.

**F.**    **Other Proceedings**

20.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any Person subject to this Order who becomes subject to a motion to disclose another Person's information designated "Confidential" or "In-House Confidential" pursuant to this Order shall promptly notify that Person of the motion so that the Person may have an opportunity to appear and be heard on whether that information should be disclosed.

**G.**    **Procedures upon Termination of This Action**

21.  The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise.  Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all persons having received information designated as "Confidential" or "In-House Confidential Information" must either make a good faith effort to return such material and all copies thereof to the Protected Person (or the Protected Person's counsel, if applicable) that produced it, or destroy or delete all such Confidential or In-House

Confidential Information and certify that fact in writing to the Protected Person (or the Protected Person's counsel, if applicable).  Counsel for the Parties will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing Confidential or In-House Confidential Information to any Person except pursuant to court order or agreement with the Protected Person that produced the Confidential or In-House Confidential Information or as otherwise permitted herein.  All Confidential or In-House Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph.  Nothing in this paragraph, however, restricts the rights of the Parties under paragraphs 15 or 16 of this Order.

**H.**     **Right to Seek Modification**

22.  Nothing in this Order limits any Person, including members of the public, a Party or a Protected Person, from seeking further or additional protections of any of its materials or modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this Action or any other proceeding.

**I.**     **The Privacy Act**

23.  Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

**J.**     **Persons Bound by This Order**

24.  This Order shall be binding on the Parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**AGREED TO:**

By Counsel for the Plaintiff United States:

/s/ Laura Hatcher
LAURA HATCHER (#5098)
Chief, Civil Division
United States Attorney's Office
District of Delaware
1313 N. Market Street, Suite 400
Wilmington, DE 19801
Tel: (302) 573-6277
Email: Laura.Hatcher@usdoj.gov

/s/ Vittorio Cottafavi
JULIE ELMER
VITTORIO COTTAFAVI
JONATHAN SILBERMAN
United States Department of Justice
450 5th Street N.W., Suite 8000
Washington D.C. 20530
Tel: (202) 598-8332
Email: Vittorio.Cottafavi@usdoj.gov

By Counsel for Defendants Sabre Corp. and Sabre GLBL Inc.

/s/ Joseph O. Larkin
JOSEPH O. LARKIN (#4883)
Skadden, Arps, Slate Meagher & Flom LLP
920 N. King Street
P.O. Box 636
Wilmington, DE 19801
Tel: (302) 651-3124
Email: Joseph.Larkin@skadden.com

STEVEN C. SUNSHINE
TARA L. REINHART
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, D.C. 200005

By Counsel for Defendants Farelogix Inc. and Sandler Capital Partners V, L.P.

/s/ Daniel A. Mason
DANIEL A. MASON (#5206)
500 Delaware Avenue, Suite 200
Post Office Box 32
Wilmington, DE 19899-0032
Tel:  (302) 655-4410
Email: dmason@paulweiss.com

KENNETH A. GALLO
JONATHAN S. KANTER
JOSEPH J. BIAL
DANIEL J. HOWLEY
Paul, Weiss, Rifkind, Wharton & Garrison LLP
20001 K Street, N.W.
Washington, D.C. 20006

19

**SO ORDERED:**

Dated this ____ day of _____, 2019

_____
**HONORABLE LEONARD P. STARK**
**UNITED STATES DISTRICT JUDGE**

APPENDIX A

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               *Plaintiff,*<br><br>                    v.<br><br>SABRE CORPORATION,<br>SABRE GLBL INC.,<br>FARELOGIX INC., and<br>SANDLER CAPITAL PARTNERS V, L.P.,<br><br>                               *Defendants.* | Civil Action No. 1:19-CV-01548-LPS |

## <u>AGREEMENT CONCERNING CONFIDENTIALITY</u>

I, _____, am employed by _____ as _____.

I hereby certify that:

1.   I have read the Protective Order entered in the above-captioned action, and understand its terms.

2.   I agree to be bound by the terms of the Protective Order entered in the above-captioned action.  I agree to use the information provided to me only as explicitly provided in this Protective Order.

3.   I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.   I submit to the jurisdiction of the United States District Court for the District of Delaware solely for the purpose of enforcing the terms of the Protective Order entered in the

above-captioned action and freely and knowingly waive any right I may otherwise have to object
to the jurisdiction of said Court.

_____
SIGNATURE

_____
DATE