**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>SABRE CORP.,<br>SABRE GLBL INC.,<br>FARELOGIX, INC., and<br>SANDLER CAPITAL PARTNERS V, L.P.,<br><br>*Defendants*. | Civil Action No. 1:19-cv-01548-LPS |

**PROPOSED FINAL PRETRIAL ORDER**

Plaintiff United States of America, and Defendants Sabre Corporation, Sabre GLBL, Farelogix, Inc., and Sandler Capital Partners V, L.P. (collectively, the "Defendants"), hereby submit this proposed Final Pretrial Order pursuant to Federal Rule of Civil Procedure 26(a)(3), Delaware Local Rule 16.3, and the Court's Scheduling Order (D.I. 31). This Order is jointly proposed, with the exception of Paragraphs 19-21, in which Plaintiff and Defendants have proposed different procedures related to the introduction of deposition testimony. A final pretrial conference is scheduled in this matter on January 17, 2020 at 8:30 a.m. Trial of this matter is scheduled to begin January 27, 2020.

| | |
|---|---|
| **Counsel for Plaintiff the United States:** | Julie S. Elmer<br>United States Department of Justice, Antitrust Division<br>450 Fifth Street, NW, Suite 8000<br>Washington, DC 20530<br>Telephone: 202-598-8332<br>Email: Julie.Elmer@usdoj.gov |
| **Counsel for Defendants Sabre Corporation and Sabre GLBL Inc.** | Steven C. Sunshine<br>Skadden, Arps, Slate, Meagher & Flom |

|  |  |
|---|---|
|  | 1440 New York Avenue, NW<br>Washington, DC 20005<br>Telephone: 202-371-7000<br>Email: Steven.Sunshine@skadden.com |
| **Counsel for Defendants Farelogix, Inc. and Sandler Capital Partners V, L.P.** | Kenneth A. Gallo<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>2001 K Street, NW<br>Washington, DC 20006<br>Telephone: 202-223-7300<br>Email: kgallo@paulweiss.com |

**I.      Nature of the Case**

1.      This is a civil antitrust lawsuit arising under Section 7 of the Clayton Act, 15 U.S.C. § 18, challenging Sabre Corporation's proposed acquisition of Farelogix, Inc. (the "Transaction").

2.      The United States filed this action on August 20, 2019, seeking a permanent injunction of the Transaction. The United States alleges that the Transaction will substantially lessen competition in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, in two relevant markets: (1) booking services for airline tickets sold through traditional travel agencies in the United States; and (2) booking services for airline tickets sold through online travel agencies in the United States. The United States defines "booking services" as "IT solutions that enable airlines to deliver their offers to travel agencies and to process resulting orders." (Compl. ¶ 2.)

3.      The Sabre Defendants (Sabre Corp. and Sabre GLBL Inc.) and the Farelogix Defendants (Farelogix, Inc. and Sandler Capital Partners V, L.P.) each filed Answers on September 10, 2019, denying that the Transaction is likely to substantially lessen competition in the relevant markets in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, and denying that the United States properly defined the relevant product markets.

## II. Jurisdiction

4. This is an action for injunctive relief under Section 7 of the Clayton Act, 15 U.S.C. § 18. The jurisdiction of the Court is not disputed and is based on Section 15 of the Clayton Act, 15 U.S.C. § 25.

## III. Facts

### A. Uncontested Facts

5. The parties' joint statement of uncontested facts is attached as Exhibit 1.

### B. Contested Facts

6. The United States' statement of contested facts it intends to prove in support of its claims is attached as Exhibit 2A. The Defendants' statement of contested facts it intends to prove in opposition to the United States' claims is attached as Exhibit 2B.

## IV. Issues of Law

7. The United States' statement of issues of law that remain to be litigated is attached as Exhibit 3A. The Defendants' statement of issues of law that remain to be litigated is attached as Exhibit 3B. If this Court determines that any issue identified in the statements of issues of law is more properly considered an issue of fact, it should be so considered.

## V. Witnesses

### A. List of Witnesses the United States May Call

#### 1. Expert Witnesses

8. The United States intends to call Aviv Nevo, Ph.D., for expert testimony regarding his economic analysis (including the impact on competition in the relevant markets) of the Transaction.

9. Prof. Nevo is expected to testify live.

**2. Non-Expert Witnesses**

10. The United States expects to call the following fact witnesses. Fact witnesses that the United States intends to call by deposition are marked with an asterisk:

1. Derek Adair, Delta Air Lines*
2. Christopher Boyle, Sabre
3. Susan M. Carter, Farelogix
4. Rodrigo Celis, Sabre
5. James K. Davidson, Farelogix
6. Andrew Finkelstein, Sabre
7. Cory M. Garner, American Airlines
8. Gregory K. Gilchrist, Sabre
9. David Gross, Former Sabre*
10. Thomas Klein, Former Sabre*
11. Theodorus A. Kruijssen, Farelogix
12. Matthew Lane, Sabre
13. Christina Larson, Hawaiian Airlines*
14. Jeffrey Lobl, Delta Air Lines*
15. Sean Menke, Sabre
16. David Moore, Sabre
17. Michael Tye Radcliffe, United Airlines
18. Tim Reiz, Farelogix
19. Jorge Vilches, Former Sabre*
20. Gregory Webb, Former Sabre*

21. Chris Wilding, Sabre

**B.     List of Witnesses Defendants May Call**

**1.     Expert Witnesses**

11.     Defendants intend to call Kevin M. Murphy, Ph.D., for expert testimony, from an economic perspective, of whether the Transaction is likely to affect competition; the relevant markets Plaintiff has alleged; and efficiencies that will result from the transaction that will benefit customers.

12.     Defendants intend to call Norm Rose, for expert testimony about the travel industry and travel technology, including technology for reservations, distribution and merchandising; the general competencies of the industry players; and how the travel industry is likely to evolve in the future.

13.     Both of these experts are expected to testify live.

**2.     Non-Expert Witnesses**

14.     Defendants expect to call the following fact witnesses. Fact witnesses that the Defendants intend to call by deposition are marked with an asterisk:

1. Stewart Alvarez, Amadeus North America*

2. Christopher Boyle, Sabre

3. Susan M. Carter, Farelogix

4. James K. Davidson, Farelogix

5. Kurt Ekert, Carson Wagonlit Travel

6. Thomas Gregorson, ATPCO*

7. Wade Jones, Sabre

8. Werner Kunz-Cho, Fareportal

    9. Jeffrey Lobl, Delta Air Lines*

   10. Sean Menke, Sabre

   11. David Moore, Sabre

   12. Kathy Morgan, Sabre

   13. Kevin O'Malley, Travel & Transport*

   14. Seth Perelman, BookingBuilder Technologies

   15. Tim Reiz, Farelogix

   16. David Shirk, Sabre

   17. John Stewart, Farelogix

   18. Rose Stratford, BCD Travel

   19. Shane Tackett, Alaska Airlines*

   20. Alison Taylor, American Airlines

   21. Rocky Wiggins, Spirit Airlines

   22. Chris Wilding, Sabre

**C.  Witness Identification**

15.  Any witness not listed in sub-sections A-B above will be precluded from testifying, unless such witness is used solely for impeachment or good cause is shown.

16.  Unless otherwise agreed to by the parties during trial, by 12:00 pm on Wednesday January 22, 2020, the parties shall identify the list and order of witnesses they intend to call to facilitate travel.  Two calendar days before every subsequent day of trial thereafter by 7:00 pm, the United States and Defendants shall provide the list and order of witnesses, and whether each will testify live or by deposition, to be presented each day of trial to facilitate the same.

17. The parties will confer nightly, beginning the first day of trial, to update the opposing counsel as to the expected day that the party intends to complete its presentation of evidence.

### D.  Testimony by Deposition

18. The deposition testimony that the parties may offer into evidence is identified in Exhibit 4, in a comprehensive table that includes the parties' objections to the other parties' affirmative designations and counter-designations.

### PLAINTIFF'S PROPOSED PARAGRAPHS 19-21

19. To minimize the burden on the Court, the introduction of excerpts of deposition testimony into evidence will only be through reading into the record or playing video of such excerpts during trial.  Except for deposition testimony used for impeachment, each party shall provide to the opposing party's counsel of record via electronic mail by 7:00 p.m. no less than four calendar days before reading or playing a videotape/DVD of a deposition in court, notice of the specific pages and lines of the deposition transcript that the party intends to use, in the order of intended use, and any exhibits the party seeks to admit through the deposition testimony.  If a party opts to introduce deposition testimony by video, any counter-designations of that same witness's deposition testimony must also be submitted via video.  The other party shall provide to the opposing party's counsel of record via electronic mail, by 7:00 p.m. the following day, any counter-designations, identified by specific page and line numbers, and any objections to the admissibility of exhibits sought to be admitted through the deposition designation.  The parties shall meet and confer to resolve any disputes, and if the objections to the disputed exhibits are not resolved by the parties' meet and confer, they will be presented to the Court as appropriate

before trial resumes on the day of their anticipated use. Each party shall prepare and provide to the opposing party's counsel of record via electronic mail by 7:00 p.m. the day before the reading or playing of a videotape/DVD of a deposition in court the final media file containing the full compilation of testimony the party will play in court, either designations and counter-counter designations or counter-designations. The compilation need not be in chronological order.

20. For convenience and clarity, the parties further propose that for deposition designations that are played during trial, the party calling the witness by video (i.e., presenting the designations) read or play both the designated portion of testimony and the opposing party's counter-designations omitting (as agreed upon in advance by the parties) objections and colloquy where appropriate. The time for such designations and counter-designations shall be allocated to each party accordingly, by a submission to the Court Reporter.

21. With respect to those witnesses whom the parties have identified in sub-sections A-B above that will be called to testify live at trial, no deposition designations or counter-designations are required. Should a fact witness identified as testifying live at trial become unavailable, as that term is defined in the Federal Rules of Civil Procedure and the Federal Rules of Evidence, the parties may, upon reasonable notice, designate specific pages and lines of transcript that they intend to read or play in lieu of the witness's appearance. The parties will make a good-faith effort to comply with the four calendar day timeline set forth above in this Section to alert the opposing party that an unavailable witness will testify by deposition.

**DEFENDANTS' PROPOSED PARAGRAPHS 19-21**

19. Any non-Party witness that is listed to testify live may be presented by deposition instead, in accordance with the process set forth below in paragraph 20, provided the use of the

deposition is otherwise allowed under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or otherwise stipulated to by the parties.

20. In order not to burden the Court in this bench trial with lengthy videos of deposition testimony, the parties will not play video-taped deposition designations as affirmative evidence in court, but may submit these designations for the Court to consider as evidence. Defendants intend to submit deposition designations and accompanying video to the Court to consider. The parties may play video-taped testimony in court for impeachment purposes.

21. With respect to those witnesses whom the parties have identified in sub-sections A-B above that will be called to testify live at trial, no deposition designations or counter-designations are required. Should a fact witness identified as testifying live at trial become unavailable, as that term is defined in the Federal Rules of Civil Procedure and the Federal Rules of Evidence, the parties may, upon reasonable notice, designate specific pages and lines of transcript that they intend to submit to the Court to consider as evidence in lieu of the witness's appearance. The parties will make a good-faith effort to notify the opposing party's counsel no less than four calendar days before a witness is expected to testify in the event that the witness is unavailable and will testify by deposition.

22. A party may choose not to introduce deposition testimony designated or counter-designated in this Pretrial Order, but may not designate or counter-designate additional deposition testimony after the filing of this Pretrial Order, except as rebuttal or impeachment testimony to a live witness during trial for good cause shown, or to identify which deposition exhibit is being discussed in the designated or counter-designated testimony. Either party is entitled to use the deposition testimony as designated herein by the other party.

9

23. Unless otherwise instructed by the Court, each party shall submit a copy of the designated portions of the transcript(s) to the Court at the time the designated testimony is offered in court.

24. Any exhibit used in a deposition shall be admitted into evidence, if the portion of the deposition where the document was used is designated and admitted, subject to any remaining objections to the exhibit contained in Exhibit 5A and Exhibit 5B.

25. The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition.

**VI. Exhibits**

**A. Exhibits**

26. Exhibit 5A is the United States' list of trial exhibits, identified with PX, and containing any objections to those exhibits. Exhibit 5B is Defendants' list of trial exhibits, identified with DX, and containing any objections to those exhibits.

27. Except as agreed to by the parties, supplementation of exhibit lists will only be allowed based on good cause shown. Among other things, good cause includes production of documents by an opposing party after the close of supplemental discovery on December 13, 2019. To use such documents as exhibits at trial, a party must send to the opposing party(ies) a supplemental exhibit list containing any documents produced after December 13, 2019 by January 22, 2020. In addition, within five business days after the deposition of an opposing side's expert witness, the United States may add, and Defendants collectively may add, up to twenty documents relating to that expert witness.

28. Exhibits to be used or offered into evidence solely for impeachment need not be included on the list of trial exhibits or disclosed in advance of being used or offered at trial.

29. Subject to the remaining provisions of this Pretrial Order or agreement of the parties, exhibits not listed will not be admitted or shown at trial unless good cause is shown.

30. Each of the trial exhibit lists shall identify the Bates numbers and deposition exhibit numbers of each listed trial exhibit if applicable. Each trial exhibit shall be identified with a PX or DX number. Within two business days after the conclusion of the trial, the parties shall submit a joint exhibit list cross-referencing the deposition exhibit number(s) to the trial exhibit number for each deposition exhibit referenced in designated deposition testimony submitted to the Court.

31. The parties will serve electronic copies of their respective pre-marked non-demonstrative exhibits in searchable (OCR) PDF file format by 7:00 p.m. on January 25, 2020, two calendar days before opening statements, with supplemental exhibits to be provided in the same format.

32. Exhibits not objected to will be received into evidence by the operation of this Pretrial Order without the need for further foundation testimony. Nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case. The parties agree that any date or description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

33. The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side. Each party reserves the right to object to the propriety of any evidence under the Federal Rules of Evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

34. Each party reserves the right to use exhibits listed by the other party from the other party's trial exhibit list. Any exhibit, once admitted at trial, may be used equally by each party for any proper purpose in accordance with the Federal Rules of Evidence, subject to any reserved objection as set forth in Exhibit 5A or Exhibit 5B to this Pretrial Order.

35. Under Paragraph 16 of the Joint Stipulations Regarding Discovery (D.I. 31-1), exhibits that are documents that were produced by any party or nonparty from its own files shall be presumed authentic within the meaning of Federal Rules of Evidence 901, 902, and 803(6) unless the party has made a good faith objection to the exhibit's authenticity.

36. Complete legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original.

37. On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party. The parties will attempt to identify common exhibits to avoid, where practical, the submission of duplicative documents into the record.

38. Unless otherwise agreed to by the parties during trial, the parties will each in good faith provide to the other's counsel of record via electronic mail a written list of exhibits, by exhibit number, that it expects to use on the non-hostile direct or cross examination of a party employee or former party employee, or the non-hostile direct examination of a third party that it intends to call in Court by 7:00 p.m. two calendar days before the day the witness will testify. Objections to any of the disclosed exhibits shall be made by no later than 7:00 p.m. the night before their intended use. If good faith efforts to resolve the objections through meeting and conferring fail, the party objecting to the exhibits shall bring its objections to the Court's

attention prior to the witness being called to the witness stand.  Exhibits to be used in direct or cross examination of a hostile witness need not be disclosed.

### B.    Demonstrative Exhibits

39. The parties will exchange color representations of any demonstratives to be used in opening statements by 8:00 p.m. on January 25, 2020.  The parties will provide any objections to such demonstratives by 10:00 a.m. on January 26, 2020.

40. Any party will provide color representations of any demonstrative exhibits to be used in connection with direct examination, or the non-hostile cross-examination of a witness at trial to the other party's counsel of record no later than 9:00 a.m. one calendar day before the witness is called.  Any objections to demonstrative exhibits shall be made by 5:00 p.m. that same day, and the parties shall meet and confer regarding any objections by 8 p.m. that same evening.  If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).  Any remaining disputes as to demonstrative exhibits shall be raised with the Court as appropriate before trial resumes on the day of their anticipated use.  Demonstrative exhibits that the parties intend to use at trial need not be included on their respective lists of trial exhibits and the notice provisions of this paragraph shall not apply to the enlargement, highlighting, ballooning, or excerpting of trial exhibits or testimony.

41. The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form.  However, for video or animations, the party seeking to use the demonstrative will provide it to the other side via electronic mail.  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

**VII. Confidential Information**

42. To facilitate a public trial while permitting the protection of confidential information as allowed under the Federal Rules of Civil Procedure, the United States and Defendants will collaborate with non-party witnesses identified on their respective final witness lists to obtain the non-parties' proposed redactions to non-party documents identified on both Plaintiff's and Defendants' trial exhibit lists and/or confidentiality designations of non-party deposition testimony. Plaintiff and Defendants will exchange these proposed redactions and/or confidentiality designations on January 13, 2020.

43. Defendants will also provide Plaintiff with the Defendants' proposed redactions of Defendant documents on the exhibit lists as well as deposition transcripts on a rolling basis concluding on January 16, 2020.

44. Mindful that the Court's Protective Order (D.I. 24, para. 5) dictates that confidentiality "designations constitute a representation to the Court that such Protected Person (and counsel, if any) believes, in good faith, that the information so designated constitutes Confidential or In-House Confidential Information," the United States and Defendants will collaborate in good faith to resolve Defendants' confidentiality designations received to date, and any disputes regarding the proposed redactions and/or confidentiality designations in advance of the final pre-trial conference on January 17, 2020.

45. Any remaining disputes regarding redactions and/or confidentiality designations as of January 17, 2020 will be addressed on a schedule and process to be determined by the Court.

**VIII. Damages**

46. The United States does not seek damages.

**IX.    Motions *in Limine* and Other Pre-Trial Evidentiary Motions**

    **A.    United States' Motion(s)**

        **a.    Reservation of Rights Regarding Defendants' Travel Industry Expert Norm Rose**

47.    Because Defendants' offered "travel industry" expert Norm Rose is not available for deposition until after the deadline for submitting the Pretrial Order, the United States reserves its right to seek a ruling to exclude the testimony of Defendants' Norm Rose after the conclusion of expert discovery. Despite being disclosed as a "travel industry" expert, the initial report from Mr. Rose, a non-economist, discloses opinions about economics, including about "the impact of Sabre's proposed acquisition . . . on marketplace competitiveness," that Sabre's and Farelogix's booking services are "not substitutable" and the prospect of "entry" by new competitors. *E.g.*, Rose Report at ¶¶ 10, 13, 90, 155.

48.    Opinions about the boundaries of the relevant product market and the competitive effects of a merger broach on core economic questions for the Court under the standards articulated by the Supreme Court in *Brown Shoe Co. v. United States*, 370 U.S. 294 (1962), and its progeny. These opinions are generally the province of an expert economist in industrial organizations. *E.g., United States v. United Tote, Inc.*, 768 F. Supp. 1064, 1079 (D. Del. 1991) (discussing testimony of defendant's expert economist about merger). Even if Mr. Rose qualifies as a travel technology expert, Mr. Rose is not an expert on antitrust economics. If his deposition discloses that Mr. Rose intends to opine on economic matters at trial, the United States may seek to exclude that testimony as outside his qualifications. *E.g., Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000).

49.    In addition, Mr. Rose's economic testimony would be unnecessarily cumulative to the testimony of Defendants' expert economist, Prof. Kevin Murphy, and may be worthy of

15

exclusion under Rule 403. *E.g., Sanofi v. Glenmark Pharmaceuticals Inc., USA*, 2016 WL 10957311, at *2 (D. Del. May 12, 2016) ("it is this Court's practice not to allow duplicative testimony from experts.").

### B. Defendants' Response to Plaintiff's Motion(s)

#### a. Defendants' Response to Plaintiff's Reservation of Rights Regarding Defendants' Travel Industry Expert Norm Rose

50. Defendants understand that Plaintiff has not moved to exclude the testimony of Norm Rose at this time. In the event that Plaintiff chooses to do so, Defendants will respond to any *in limine* request at the appropriate time and reserve all rights with respect to the same.

## X. Discovery

51. The parties have completed fact discovery, and have only expert reply reports due to be served by 5 p.m. on January 17, 2020 and expert depositions to be completed on January 22, 2020.

## XI. Proposed Findings of Fact and Conclusions of Law

52. The parties propose filing proposed findings of fact and conclusions of law one week after trial concludes. The parties shall file post trial briefs, if requested by the Court, as directed by the Court.

## XII. Length of Trial

53. With the Court's permission, the United States and Defendants (collectively) propose to split evenly the trial time identified in the Court's December 20, 2019 Order (D.I. 180). Time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by any other party, playing of video depositions, and closing argument. The Courtroom Deputy will keep a running total of trial time used by counsel.

16

## XIII. Amendments of the Pleadings

54. No party is seeking to amend its pleadings.

## XIV. Additional Matters

55. Consistent with Section VII above regarding the treatment of confidential information, the United States anticipates potentially having to request that the courtroom be closed to the public for portions of the testimony of certain third party witnesses. The United States is mindful of the strong presumption of an open court and plans to work in good faith to identify and resolve any third party concerns regarding the confidential nature of its testimony and designations in advance of the trial.

56. Defendants anticipate potentially having to request that the courtroom be closed to the public for portions of the testimony of certain party witnesses or third party witnesses. Defendants will work in good faith to identify and if possible, resolve, any confidentiality concerns regarding the confidential nature of testimony and designations in advance of the trial.

57. Regarding Paragraphs 19-21—the portion of this Order that is not proposed jointly—the United States submits that the ability to read or play video excerpts of deposition testimony from a small number of witnesses will reduce the burden on the Court and help focus the parties' presentation at trial. By contrast, Defendants' proposed process for submission of deposition testimony is a creative way to circumvent the Court's December 20 Order regarding trial time (D.I. 180). It would produce a potentially voluminous paper record given the presence on the parties' witness lists of over twenty party witnesses and a dozen non-party witnesses (and over a thousand pages of designated transcript) whose testimony could be covered by Defendants' proposal.

58.     The United States and Defendants reserve their rights to include any issues that develop prior to the final pretrial conference.

**XV.     Settlement**

59.     The parties have engaged in a good faith effort to explore the resolution of the controversy by settlement.  Before the United States filed its Complaint, the parties held settlement discussions, which did not successfully resolve the dispute.  On December 3, 2019, the parties attended a mediation held by Magistrate Judge Mary Pat Thynge.  The mediation did not successfully resolve the dispute.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

DATED: _____

                                               _____
                                               HONORABLE LEONARD P. STARK
                                               UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

/s/ Julie S. Elmer_____
Attorney for Plaintiff


/s/ Steven C. Sunshine_____
Attorney for Defendants Sabre Corporation
and Sabre GLBL Inc


/s/ Kenneth A. Gallo_____
Attorney for Defendants Farelogix, Inc. and
Sandler Capital Partners V, L.P