**ROBINS KAPLAN**

800 LASALLE AVENUE
SUITE 2800
MINNEAPOLIS MN 55402

612 349 8500 TEL
612 339 4181 FAX
ROBINSKAPLAN.COM

PETER C. IHRIG
612 349 8773 TEL
PIHRIG@ROBINSKAPLAN.COM

*Via FedEx*

February 28, 2020

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Room 6124
Wilmington, DE 19801-3555

Re: *United States of America v. Sabre Corp., et al.* (Case No. 1:19-cv-01548-LPS)

Dear Judge Stark:

We represent non-party CWT in the *United States of America v. Sabre Corp., et al.* matter. We write to request redactions to testimony given by CWT's President and CEO Kurt Ekert at trial in this matter. Specifically, Plaintiff's cross examination of Mr. Ekert on January 31, 2020 included several questions that mentioned or elicited testimony that CWT considers confidential and competitively sensitive, and that CWT had previously designated as "Confidential" under the operative protective order. We have discussed these redactions with all parties, and they do not object to them.

This confidential testimony relates to two primary areas of competitive concern to CWT: (1) CWT's contract with Sabre; and (2) details concerning CWT"s migration of its business from one GDS to another. The factual basis for why these redactions are needed to protect CWT"s competitive interests is described in the attached Declaration of Kurt Ekert. An excerpt transcript that includes CWT's proposed redactions is attached as Exhibit 1 to this letter.

We respectfully request that the Court order the January 31, 2020 trial transcript be redacted as set forth in Exhibit 1.

February 28, 2020  VIA FEDEX
Page 2

                                                          Respectfully submitted,

                                                          /s/ *Peter C. Ihrig*


                                                          Peter C. Ihrig


Attachments
cc:    Counsel for the United States of America (by email)
       Counsel for Sabre (by email)
       Counsel for Farelogix (by email)

# Exhibit 1

```
                                                              1142

                         IN THE UNITED STATES DISTRICT COURT
                         IN AND FOR THE DISTRICT OF DELAWARE

          UNITED STATES OF AMERICA
                                        :      CIVIL ACTION
                     Plaintiff,         :
          v                             :
                                        :
          SABRE CORPORATION, SABRE GLBL INC., :
          FARELOGIX IONC., and SANDLER CAPITAL :
          V, L.P.,                      :      NO. 19-1548-LPS
                     Defendants.
                                        - - -

                              Wilmington, Delaware
                              Friday, January 31, 2020
                              Bench Trial - Volume E

                                        - - -

          BEFORE:     HONORABLE LEONARD P. STARK, Chief Judge

          APPEARANCES:                  - - -

                     UNITED STATES ATTORNEY'S OFFICE
                     BY:  SHAMOOR ANIS, ESQ.
                          and
                     UNITED STATES DEPARTMENT OF JUSTICE
                     BY:  JULIE S. ELMER, ESQ.,
                          DYLAN M. CARSON, ESQ.,
                          ERIN L. CRAIG, ESQ.
                          BRIAN E. HANNA, ESQ.,
                          CRAIG W. CONRATH, ESQ.,
                          VITTORIO COTTAFAVI, ESQ.,
                          KATHERINE A. CELESTE, ESQ.,
                          MICHAEL T. NASH, ESQ.,
                          RACHEL A. FLIPSE, ESQ.
                          SARAH P. MCDONOUGH, ESQ.,
                          JEREMY P. EVANS, ESQ.,
                          JOHN RICHARD DOIDGE, ESQ.,
                          JEFFREY G. VERNON, ESQ.,
                          JOHN A. HOLLER, ESQ., and
                          SCOTT A. WESTRICH, ESQ.
                          (Washington, District of Columbia)

                              Counsel for Plaintiffs

          Valerie J. Gunning                   Brian P. Gaffigan
          Official Court Reporter              Official Court Reporter
```

1203
Ekert - cross

1  THE COURT: Yes.
2  MR. EVANS: May Mr. Berman assist me?
3  THE COURT: Yes.
4  (Binders passed forward.)
5  THE WITNESS: Thank you.
6  BY MR. EVANS:
7  Q.  You have a binder at your desk, Mr. Ekert. If we
8  need to refer to it, I will direct your attention to it.
9  A.  Okay.
10 Q.  Let's start with your company, Mr. Ekert. You
11 testified on direct that the 2018 revenue of WCT was
12 approximately $1.5 billion; is that right?
13 A.  Between $1.5 and $1.6 billion, yes.
14 Q.  And approximately half of that revenue is paid to CWT
15 by supply partners?
16 A.  That's correct.
17 Q.  And that include GDSs?
18 A.  Yes.
19 Q.  And indeed about 10 percent of CWT's total revenue,
20 net revenue comes from GDSs?
21 A.  That's correct.
22 Q.  And these payments from GDSs to CWT include incentive
23 payments for bookings that CWT makes through the GDSs?
24 A.  Yes.
25 Q.  And those incentive payments include airline bookings

1204
Ekert - cross

1  that CWT makes through the GDS?
2  A.  We receive incentive payments on airline bookings.
3  Q.  Right. And so CWT receives tens of millions of
4  dollars of these payments from GDSs each year?
5  A.  Of GDS payments?
6  Q.  Yes.
7  A.  Yes, we do.
8  Q.  And Sabre represents about two-thirds of the GDS
9  volume that CWT does?
10 A.  That's correct.
11 Q.  So Sabre pays CWT millions of dollars in incentives
12 each year?
13 A.  Yes.
14 Q.  And, in addition, Sabre paid CWT a signing bonus
15 of more than ▇▇▇▇ when you signed the most recent
16 contract with them in 2018?
17     THE WITNESS: Your Honor, I think we're getting
18 into confidential information now.
19     THE COURT: All right. Is that, to your
20 understanding, among the topics that CWT is hoping to keep
21 confidential.
22     MR. EVANS: Yes, that was deemed confidential.
23 I'm happy to proceed to something else and then return to
24 that.
25     THE COURT: That would be helpful. Thank you.

1205
Ekert - cross

1  Let's be careful, though, not to disclose. I am ultimately
2  going to be persuaded to close the courtroom on the topics
3  that CWT has requested. It sounds consistent with what I
4  had found to be confidential previously, so be careful not
5  to disclose that while we're here in open court. I'm just
6  trying to defer closing the court until the last possible
7  moment in your examination.
8      MR. EVANS: I understand, Your Honor.
9  BY MR. EVANS:
10 Q.  Now, let's focus on WCT's relationship with the three
11 global GDSs: Sabre, Amadeus, and Travelport. You remember
12 you discussed those on your direct examination?
13 A.  I was responsive to the questions posed, yes.
14 Q.  And CWT has had contractual contracts with all three
15 GDSs?
16 A.  Excuse me. In recent years.
17 Q.  Yes.
18 A.  Yes.
19 Q.  And CWT primarily uses Sabre in the Americas; right?
20 A.  That is correct.
21 Q.  And you testified on your direct that switching some
22 volume of customers sales from one GDS to another would be
23 complex?
24 A.  It is highly complex to do so, yes.
25 Q.  In fact, WCT has switched away business from

1206
Ekert - cross

1  Travelport in the last couple of years; right?
2  A.  Yes, we have.
3  Q.  And you switched that business to Sabre and Amadeus,
4  as you said?
5  A.  That's correct.
6  Q.  And speaking to the complexity that you described,
7  migrating that business from Travelport to Sabre and Amadeus
8  took over a ▇▇▇▇?
9  A.  In total, yes.
10 Q.  And that migration to Sabre just finished a month
11 ago?
12 A.  The migration to Sabre finished earlier than that.
13 The overall migration finished in late 2019.
14 Q.  So it took about ▇▇▇▇?
15 A.  The full migration of the business we moved from
16 Travelport to Amadeus and Sabre took about ▇▇▇▇.
17     MS. REINHART: Your Honor, my apologies for
18 interrupting. I do believe we are getting into the area
19 where he is going to be revealing confidential information.
20     THE COURT: Okay. Do you agree with that?
21     MR. EVANS: Yes, Your Honor.
22     THE COURT: All right. Okay. Well then,
23 consistent with my prior rulings, I'm going to close the
24 courtroom at this point so we can fully and flexibly explore
25 the confidential topics. So we'll ask who those not under

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>SABRE CORPORATION, SABRE GLBL INC.; FARELOGIX, INC., AND SANDLER CAPITAL PARTNERS V, L.P.,<br><br>Defendants. | Civil Action No.: 1:19-cv-01548-LPS<br><br>**Declaration of Kurt Ekert** |

I, Kurt Ekert, declare:

1. I am President and Chief Executive Officer of CWT.

2. I testified at trial in this matter on January 31, 2020.

3. While under cross examination by Plaintiff, I was asked questions that contained or elicited from me information that CWT considers confidential and competitively sensitive.

4. These questions concerned two primary areas of competitive concern to CWT: (1) CWT's contract with Sabre; and (2) details concerning CWT's migration of its business from one GDS to another.

5. The questions I was asked and testimony I gave regarding CWT's contract with Sabre contained information that is kept strictly confidential by CWT because the details of CWT's contracts with its suppliers (like Sabre) significantly impact CWT's ability to compete in the marketplace for corporate travel services. And I believe that

CWT's competitive interests, including in future contractual negotiations and bids for corporate clients' business, would be harmed if those details were made available to CWT's competitors.

6. I also testified about CWT's migration of some its business from Travelport to Sabre and Amadeus. Again, this is information that CWT keeps strictly confidential. And I believe that CWT's competitive interests, including in future contractual negotiations and bids for corporate clients' business, would be harmed if those details were made available to CWT's competitors.

7. I declare under penalty of perjury under the laws of the State of Delaware that the preceding is true and correct.

Dated: February 28, 2020

Kurt Ekert