

U.S. Department of Justice

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

April 14, 2020

The Honorable Leonard P. Stark
United States District Court
884 N. King Street
Wilmington, Delaware 19801

      Re:   *U.S. v. Sabre Corp., et al.* (No. 1:19-cv-1548-LPS)

Dear Chief Judge Stark:

    The parties in the above-referenced matter submit the following joint status report in response to the Court's Order of April 7, 2020 (D.I. 272):

**Plaintiff's Status Report:**

    The United States filed a protective notice of appeal in this case on April 8. The authorization of the Solicitor General is required before the United States can proceed further with any appeal. On April 9, the United Kingdom's Competition and Markets Authority ("CMA") issued an order "prohibit[ing] the merger in its entirety."

    The government's understanding is that as a result of this order, the Defendants cannot consummate their transaction at this time, although the Defendants may appeal the CMA's decision. The United States has asked Defendants to confirm that they cannot close the deal unless and until the CMA's decision has been overturned and to provide the United States 14 days' notice before consummating the acquisition, so that the United States would know when it reasonably had to move for any equitable relief pending the resolution of any appeal (and so as not to raise the issue with this Court unnecessarily). Defendants, however, did not provide such confirmation, and they did not agree to provide any advance notice before closing.

    In light of the CMA's decision and the lack of additional assurances from Defendants regarding anticipated closing, the United States is considering what if any equitable relief pending appeal may be necessary and appropriate to seek with the Court pursuant to Rule 62(d) of the Federal Rules of Civil Procedure and Rule 8 of the Federal Rules of Appellate Procedure. The United States does not seek any action by the Court at this time, but requests that the case remain open while the United States determines if it will seek such relief with the Court. The United States is available at the call of the Court to discuss the status of this matter, and will notify the Court promptly of any changes in the United States' position on the closing of the case.

**Defendants' Status Report:**

Defendants believe that no further action by this Court is warranted at this time. Defendants disagree that the DOJ would be entitled to a stay pending appeal should they choose to seek such relief. Given this Court's April 8, 2020, opinion, the United States has no likelihood of success on the merits of an appeal and, under prevailing Third Circuit law, the DOJ cannot make the threshold showing required for a stay. *See Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991); *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, No. 00-5361 (WGB), 2001 WL 493266, at *1 (D.N.J. Jan. 17, 2001). That the CMA has now issued its findings does not affect the U.S. proceeding. The CMA issued its 385-page Final Report on April 9 that "prohibit[ed] the merger in its entirety," and the Defendants are evaluating options.

* * * * *

The parties are available for a conference at the Court's direction.

Sincerely,

 /s/
Julie S. Elmer
United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
julie.elmer@usdoj.gov

*Counsel for Plaintiff United States*

 /s/
Steven C. Sunshine
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, D.C. 20005
Steve.Sunshine@skadden.com

*Counsel for Sabre Corporation and Sabre GLBL Inc.*

 /s/
Kenneth A. Gallo
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, D.C. 20006-1047
kgallo@paulweiss.com

*Counsel for Farelogix, Inc. and Sandler Capital Partners V. L.P.*